UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-81080-CIV-JOHNSON

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MERCER CAPITAL, INC.,
MERCER CAPITAL MANAGEMENT, INC.,
TRI-STATE ENERGY GROUP, LLC,
TRI-STATE ENERGY GROUP, LTD.,
TRI-STATE ENERGY GROUP II, LTD., and
ROBERT L. FLICKINGER II,

Defendants.



FILED by _____ D.C.

DEC 0 3 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT ROBERT L. FLICKINGER II

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Robert L. Flickinger II. In its Complaint, the Commission sought, among other relief, a permanent injunction to prohibit violations by Flickinger of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a); and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5; a penny stock bar pursuant to Section 20(g) of the Securities Act and Section 21(d)(6) of the Exchange Act, 15 U.S.C. §§ 77t(g) and 78u(d)(6); an officer-and-director bar pursuant to Section 20(e) of the Securities Act and Section 21(d)(2) of the Exchange Act, 15 U.S.C. §§ 77t(e) and 78u(d)(2); an order providing for disgorgement and prejudgment interest; and imposition of a civil money penalty against Flickinger pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, 15 U.S.C.

§§ 77t(d) and 78u(d)(3).

Flickinger, by the attached Consent, without admitting or denying the allegations of the Complaint, except that he acknowledges service of the Complaint on him and admits the jurisdiction of this Court over him and over the subject matter of this action, has agreed to the entry of this Final Judgment of Permanent Injunction and Other Relief As to Robert L. Flickinger II ("Final Judgment"). Flickinger has furthermore waived findings of fact and conclusions of law and has waived any right to appeal from this Final Judgment. This Court having accepted Flickinger's Consent, having jurisdiction over Flickinger and the subject matter of this action, and being fully advised in the premises, orders as follows:

I.

## FINAL JUDGMENT OF PERMANENT INJUNCTION AS TO ROBERT L. FLICKINGER II

**IT IS ORDERED AND ADJUDGED** that Flickinger, his directors, officers, agents, servants, employees, attorneys, representatives, and those persons in active concert or participation with him, and each of them, are restrained and enjoined from:

### Section 5 of the Securities Act of 1933

A.   Directly or indirectly, in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e: (i) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell any security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect with the Commission as to that security; (ii) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale or for delivery after sale, unless a registration statement is in effect with the Commission

as to that security; or (iii) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer or sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act,15 U.S.C. § 77h.

### Section 17(a)(1) of the Securities Act of 1933

B. Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a)(1) of the of the Securities Act, 15 U.S.C. § 77q(a)(1).

### Section 17(a)(2) & (3) of the Securities Act of 1933

C. Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated or will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) and (3) of the Securities Act, 15 U.S.C. §§ 77(q)(a)(2) and (3).

### Section 10(b) of the Exchange Act and Rule 10b-5

D.    Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly: (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5.

II.

### DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Flickinger is liable for disgorgement of $543,622.88, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $65,128.41, and a civil penalty in the amount of $130,000 pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act, 15 U.S.C. §§ 77t(d) and 78(d)(3), for a total of $738,751.29. Flickinger shall satisfy this obligation by paying $738,751.29 within ten business days to the Clerk of this Court, together with a cover letter identifying Flickinger as a defendant in this action; setting forth the title and case number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Flickinger shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel

in this action. By making this payment, Flickinger relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to him. Flickinger shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Flickinger shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Flickinger's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Flickinger's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty

Offset, Flickinger shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Flickinger by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Flickinger shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Flickinger further shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

### III.

### PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that Flickinger is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the

purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

## IV.

## OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Flickinger is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## V.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Flickinger shall comply with the provisions of the Consent attached hereto, and that such Consent is incorporated herein by reference as if fully set forth herein.

## VI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court will retain jurisdiction over this matter and Flickinger in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court

deems appropriate under the circumstances.

## VII.

## RULE 54(b) CERTIFICATION

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 3rd day of December, 2008.

_____
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

Copies to:  All Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-81080-CIV-JOHNSON

SECURITIES AND EXCHANGE COMMISSION, )
)
Plaintiff, )
v. )
)
MERCER CAPITAL, INC., )
MERCER CAPITAL MANAGEMENT, INC., )
TRI-STATE ENERGY GROUP, LLC, )
TRI-STATE ENERGY GROUP I, LTD., )
TRI-STATE ENERGY GROUP II, LTD., and )
ROBERT L. FLICKINGER II, )
)
Defendants. )
_____ )

### CONSENT OF DEFENDANT ROBERT L. FLICKINGER II TO FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

1. Defendant Robert L. Flickinger II acknowledges having been served with a summons and the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Flickinger enters into this Consent voluntarily, and represents that no threats, offers, promises, or inducements of any kind, except as stated herein or in the attached Final Judgment of Permanent Injunction and Other Relief ("Final Judgment"), have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to him or to anyone acting for him or on his behalf, to induce him to enter into this Consent.

3. Without admitting or denying the allegations of the Complaint, except that he admits the allegations as to personal and subject matter jurisdiction, Flickinger voluntarily consents to the entry of the attached Final Judgment, which is incorporated by reference herein, and, among other things:

a) permanently restrains and enjoins Flickinger from violations of Sections 5 and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e and 77q(a); and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 17 C.F.R. § 240.10b-5; and

b) permanently restrains and enjoins Flickinger from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1; and

c) permanently restrains and enjoins Flickinger from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d); and

d) orders Flickinger to pay $543,622.88 in disgorgement, $65,128.41 in prejudgment interest, and a $130,000 civil penalty, for a total of $738,751.29.

4. Flickinger acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Flickinger agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor

2

Action based on his payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of his payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Flickinger agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Flickinger by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

5. Flickinger agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Flickinger further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6. Flickinger waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7. Flickinger waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8. Flickinger agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein and further agrees that this Court shall retain jurisdiction over him for purposes of enforcement of the Final Judgment.

9. Flickinger will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Flickinger waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Flickinger of its terms and conditions. Flickinger further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that he has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Flickinger in this civil proceeding. Flickinger acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Flickinger waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Flickinger further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

4

other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Flickinger understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

12. Flickinger understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Flickinger agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Flickinger hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Flickinger breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Flickinger's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Flickinger hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Flickinger to defend against this action. For these purposes, Flickinger agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Flickinger agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

Dated: 26 May, 2008

_____
Robert L. Flickinger II

PROVINCE OF British Columbia )
CITY OF Vancouver ) ss:

On this 26 day of May, 2008, before me personally appeared Robert L. Flickinger II who: ___ is personally known to me or ✓ who produced a FlickrL 32305 driver's license bearing his name and photograph as identification, and who executed this Consent, and he acknowledged to me that he executed the same.

_____
Notary Public

Commission Expires: **Brenda Balogh Notary Public**
**130 - 1208 Homer Street**
**Vancouver, B.C. V6B 2Y5**
**604-685-1544**

Approved as to form:

_____
James D. Sallah, Esq.
Klein & Cox, LLC
2101 NW Corporate Blvd., Suite 216
Boca Raton, FL 33431
Telephone: (561) 989-9080
Facsimile: (561) 989-9020
Attorney for Robert Flickinger II

6